IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LARRY DONNY BATES                                                              PETITIONER
ADC #105170

V.                                        NO. 5:06CV00239 WRW/JWC

LARRY NORRIS, Director,                                                    RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and two copies of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date of the findings and recommendations.  The copy will

be furnished to the opposing party.   Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge,

you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such
        a  hearing is granted)  was not  offered at  the hearing before the Magistrate
        Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Larry Donny Bates, an inmate in the Arkansas Department of Correction, brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2).  Respondent has filed a motion to dismiss the petition as successive (docket entries #9, #10), and Petitioner has responded (docket entry #11).

I.

Following entry of a negotiated nolo contendere plea in May 2002 in the Circuit Court of Ouachita County, Arkansas, Petitioner was convicted of robbery and residential burglary.  He was sentenced to 600 months of imprisonment, with a 120-month suspended imposition of sentence on the robbery conviction.  (See docket entry #2, pp.11-19.)

On September 23, 2004, Petitioner filed a § 2254 petition for writ of habeas corpus in this Court, alleging that his judgment and commitment order was void because it did not reflect the terms of his plea agreement.  The Court found that his petition was barred by the one-year statute of limitations for federal habeas petitions, as set forth in 28 U.S.C. §

2244(d), and further found that he had failed to demonstrate any circumstances which would toll the limitations period or otherwise extend the filing deadline.  The petition was, therefore, dismissed with prejudice.  Bates v. Norris, No. 5:04cv00347, docket entries #11 & #12 (E.D. Ark. May 6, 2005).  Petitioner filed a notice of appeal, which this Court construed as an application for certificate of appealability and denied.  Id. at docket entries #13 & #14.  On August 18, 2005, the Eighth Circuit Court of Appeals also denied his application for a certificate of appealability.  Id. at docket entry #19.

On September 21, 2006, Petitioner filed this, his second, petition.  He advances the following claims for relief:

> 1.      He was deprived of the effective assistance of counsel as assured by the United States Constitution because his attorney provided no more than perfunctory assistance, was not acting in Petitioner's interests during the plea process, and failed to investigate a sentencing disparity or request a sentence adjustment;

> 2.      The prosecutor was biased against Petitioner due to a prior business relationship and on the basis of race, which resulted in inflated charges and a longer sentence than was justified or recommended by the state sentencing guidelines; and

> 3.      Petitioner's sentence was not on the same terms as he understood he would receive and is illegal on its face.

II.

Substantial difficulties exist for individuals attempting to bring second or successive federal habeas petitions.  Specifically, 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Until such an order is obtained from the appropriate court of appeals, the district court has no jurisdiction to consider a successive petition. Williams v. Hopkins, 130 F.3d 333, 336 (8th Cir. 1997); see also Robinson v. Johnson, 313 F.3d 128, 138 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003) (collecting cases). If a panel of the court of appeals certifies the petition to meet the requirements of § 2244(b),[1] the petition will be allowed to proceed in the district court. 28 U.S.C. § 2244(b)(3).

This petition is clearly "second or successive" within the literal meaning of the statute: it raises claims concerning the same convictions to which Petitioner's prior § 2254 petition was addressed. Wainwright v. Norris, 121 F.3d 339, 340 (8th Cir. 1997). However, an "overly literal" construction of the statute should be avoided, Vancleave v. Norris, 150 F.3d 926, 928 (8th Cir. 1998), and a first petition will be disregarded in some circumstances, such as when it is dismissed without prejudice as premature or for failure to exhaust state remedies. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) (second petition not successive where first petition was dismissed for failure to exhaust, without adjudicating any claims); Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45 (1998) (where competency for execution claim dismissed without prejudice as premature from first petition, petitioner can bring the claim again when ripe without authorization under successive-petition statute).

---

[1]This provision requires dismissal of any claims that were presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A claim not previously presented must be dismissed unless (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence *and* the underlying facts, if proven and viewed in light of the evidence as a whole, establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Id. § 2244(b)(2).

Unlike the above cases, Petitioner's first habeas petition was dismissed *with prejudice* as untimely.  Dismissal of a habeas petition on statute-of-limitations grounds constitutes an adjudication on the merits, rendering subsequent petitions "second or successive" and thus subject to the provisions of § 2244(b).  Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003); see Plaut v. Spendthrift Farm, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: *as a judgment on the merits*.") (emphasis added).

Accordingly, this petition is a "second or successive application" under § 2244(b) and thus requires prior Court of Appeals authorization.

Petitioner asks that, rather than dismissal, this action should be transferred to the Eighth Circuit Court of Appeals.  Pursuant to 28 U.S.C. § 1631, whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other court in which the action ... could have been brought at the time it was filed."  Several Courts of Appeals have held that this statute authorizes a district court to exercise its discretion to transfer an unauthorized successive habeas petition to the appropriate Court of Appeals, and, in some Circuits, transfer is the mandated procedure.  See Jones v. Braxton, 392 F.3d 683, 691 (4th Cir. 2004) (declining to impose blanket policy of mandatory transfer of unauthorized successive petitions from district court to court of appeals, holding instead that decision to transfer is discretionary); Robinson, 313 F.3d at 139-40 (Third Circuit case noting district court's options of dismissing unauthorized successive petition or transferring it to court of appeals); In re Sims, 111 F.3d

45, 47 (6th Cir. 1997) (mandating transfer); <u>Coleman v. United States</u>, 106 F.3d 339, 341 (10th Cir. 1997) (mandating transfer); <u>Liriano v. United States</u>, 95 F.3d 119, 122-23 (2d Cir. 1996) (mandating transfer).

The Eighth Circuit has not addressed the issue presented here: whether a district court is authorized by § 1631 to transfer to the Court of Appeals a clearly successive habeas petition that has been improperly filed in the district court without first obtaining the necessary Court of Appeals authorization.  However, the Eighth Circuit has held that a district court may construe as a successive habeas petition a Fed. R. Civ. P. 60(b) motion for relief from the denial of a previous habeas petition and then may either dismiss the purported Rule 60(b) motion for failure to obtain authorization from the Court of Appeals or exercise its discretion to transfer the Rule 60(b) motion to the Court of Appeals for resolution.  <u>Boyd v. United States</u>, 304 F.3d 813, 814 (8th Cir. 2002), <u>cert. denied</u>, 538 U.S. 953 (2003).  In light of the authority from other Circuits, <u>Boyd</u> indicates that a discretionary transfer under § 1631 would be permitted in the Eighth Circuit.

Petitioner is proceeding pro se and as an indigent, and he states that he does not have copies of his original filings.  Apparently, what he has filed here is what he would file with the Eighth Circuit in requesting permission to proceed with a successive habeas petition.  Under these circumstances, the Court should exercise its discretion to transfer this case and its filings to the Eighth Circuit Court of Appeals, as requested.[2]

---

[2]Petitioner is advised that, to obtain Eighth Circuit authorization to proceed with a successive petition, he will need to make a *prima facie* showing that he satisfies the requirements of § 2244(b)(2), as set forth in footnote 1.  <u>See</u> 28 U.S.C. § 2244(b)(3)(C).

III.

Respondent's motion to dismiss (docket entry #9) should, therefore, be DENIED, and this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2) should be TRANSFERRED to the United States Court of Appeals for the Eighth Circuit for consideration as a request for authorization to proceed with a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3).

DATED this 4th day of December, 2006.


_____
UNITED STATES MAGISTRATE JUDGE